**Affirmed and Memorandum Opinion filed July 21, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00673-CV**

---

**MERCED AGUILERA, INDIVIDUALLY AND D/B/A DMB CONCRETE READY MIX, LLC., Appellant**

**V.**

**IPFS CORPORATION, Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1157102**

---

## MEMORANDUM OPINION

Appellee IPFS Corporation filed suit on a note against appellant Merced Aguilera, individually and doing business as DMB Concrete Ready Mix, LLC (the "LLC"), on July 23, 2020. Following a bench trial, at which no reporter's record was taken, the trial court granted judgment in favor of appellee on October 21, 2021. From that judgment, appellant brings this appeal.

BACKGROUND

The record reflects the LLC had forfeited the right to transact business in Texas for failure to satisfy franchise tax requirements as of September 27, 2019. The note on which the suit is based was signed after that date, as follows:

The note identifies the insured as "DMB Concrete Ready Mix, LLC."

Citation was issued against "Defendant Merced Aguilera, individually and doing business as DMB Concrete Ready Mix, LLC." The affidavit of service states "Merced Aguilera, individually and doing business as DMB Concrete Ready Mix, LLC" was "INDIVIDUALLY/ PERSONALLY served." The judgment orders "that the said Plaintiff, IPFS CORPORATION, do have and recover of the Defendant, MERCED AGUILERA, individually and doing business as DMB CONCRETE READY MIX, LLC, jointly and severally where more than one Defendant. . .." Appellant timely filed a motion to modify the judgment, arguing as follows:

> The form of the judgment either lacks clarity or fails to comply with the law of parties. The pleadings indicate plaintiff sought a personal judgment against Defendant, a natural person. The additional mention of the [sic] an LLC which was never made party to this suit is inappropriate. Defunct corporations may be sued as such and citation issued pursuant to Texas Rule of Civil Procedure 29. This procedure was not utilized in this case, as plaintiff chose strategically to seek a personal judgment. Only one citation was issued in this case, and therefore the judgment may only be against one party. Because the judgment can only be against one party, the mention of the LLC in the judgment is confusing and inappropriate. Therefore, Defendant

requests the judgment be modified or clarified to reflect that judgment is taken against the proper party to this suit and no other.

## ANALYSIS

In his brief, appellant contends "[t]here cannot be two parties to a judgment in a case where only one citation was issued." Appellant claims error in the judgment since no citation was issued to the LLC or any officer of the LLC in his capacity as such. The only authority appellant cites in support of this argument are Rules 124[1] and 29[2] of the Texas Rules of Civil Procedure. Neither of these rules are applicable in this case.

"A DBA is no more than an assumed or trade name," and as such has no legal existence. *Kahn v. Imperial Airport, L.P.*, 308 S.W.3d 432, 438 (Tex. App.—Dallas 2010, no pet.). A person may do business under an assumed name and may be sued in its assumed or common name. *See* Tex. R. Civ. P. 28; *see also Hawkins v. State*, No. 14-17-00713-CV, 2018 WL 4624082, at *4 (Tex. App.—Houston [14th Dist.] Sept. 27, 2018, no pet.) (mem. op.). Appellant cites no authority, and our review has found none, that the inclusion of an assumed or trade name in a pleading, citation, or judgment, requires modification of the judgment.

Although the judgment recites "joint and severally," it then states "*where more than one Defendant.*" In this case there is not more than one, and the judgment consistently and repeatedly refers to defendant in the singular.

---

[1] "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules." Tex. R. Civ. P. 124.

[2] "When no receiver has been appointed for a corporation which has dissolved, suit may be instituted on any claim against said corporation as though the same had not been dissolved, and service of process may be obtained on the president, directors, general manager, trustee, assignee, or other person in charge of the affairs of the corporation at the time it was dissolved, and judgment may be rendered as though the corporation had not been dissolved." Tex. R. Civ. P. 29.

The relief appellant seeks is "a clear and modified judgment against Merced Aguilera in his personal capacity only." However, to the extent appellant may be challenging the capacity in which he was sued, no verified pleading to that effect was filed. *See* Tex. R. Civ. P. 93(2); *Hawkins v. State*, No. 14-17-00713-CV, 2018 WL 4624082, at *4 (Tex. App.—Houston [14th Dist.] Sept. 27, 2018, no pet.) (mem. op.).

For these reasons, the judgment of the trial court is affirmed.


PER CURIAM


The panel consists of Chief Justice Christopher and Justices Wise and Jewell.